ANN E. WHITE ET AL., APPELLANTS, VS. STALEY'S EXECUTORS, APPELLEES.

1. Rule Seven of the "Rules of Practice for the Government of Circuit Courts in Suits in Equity" is the only authority for the issue of an execution on a *decree in equity* for the payment of money. The rule does not authorize the Clerk of the Circuit Court to issue an *alias* execution when the original is lost or destroyed.

2. A paper purporting to be an *alias execution* issued on a decree in equity, for the payment of money, by a Clerk of a Circuit Court, without an order of the court in which said decree was rendered, is a nullity.

3. Rule Seven of the Rules, *supra*, does not adopt the provisions of sections 3 and 5, McClellan's Digest, pp. 521, 522. It adopts only the form of executions used in the Circuit Courts in a suit at common law.

Appeal from the Circuit Court for Jackson county.

Judge Walker, of the Second Circuit, sat in place of Mr. Justice Raney, disqualified.

The facts of the case are stated in the opinion.

*Liddon & Carter* for Appellants.

*J. F. McClellan* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

In the trial of this cause, which was an action of eject-ment, in the Circuit Court, the appellants, who were plain-tiffs below offered in evidence two executions, which were issued by the Clerk of the Circuit Court of Jackson county, on the 22d day of September, A. D. 1881. One of these executions was issued on a decree in chancery in favor of T. and J. M. White, entered and enrolled on the 11th day of May, A. D. 1867, against John R. Ely and John F. Hughes, as executors of the last will and testament of Francis R. Ely, deceased. The other was also on a decree in chancery of same date, against the same parties in favor of Alexander S. Merritt. Both of these executions were in the form of an *alias* or *pluries*, and showed on their faces that another execution had already issued on the same de-crees. Attached to each one of these executions was an affi-davit of the attorney of the appellants, alleging that an exe-cution had been regularly issued on said decrees, but that the same had been lost or destroyed, and that he was un-able to find said executions, and that he had made diligent search for them in the sheriff's office. To the introduction of these executions in evidence, the appellees, who were de-fendants below, objected. The court refused to admit them in evidence, to which ruling the plaintiffs excepted and assign-

here such refusal of the court as error. It will be observed that these executions were issued on decrees in equity for the payment of money solely.

The statute, sec. 46, p. 165, McClellan's Digest, gives to a decree for money the same lien on lands and tenements as a judgment at law. There is no statutory provision for the issuing of an execution on a decree in chancery. The only authority for it is to be found in Rule 7, "Rules of Circuit Court in Suits in Equity," which is as follows: "Final process to execute any decree may, if the decree be solely for the payment of money, be by a writ of execution in the form used in the Circuit Courts in suits at common law." This rule makes provision for the issue of but one execution. Where there is a power in the Clerk to issue more than one, upon the return of the original, the issue by him of an execution without a return of a former one is an irregularity merely in the exercise of a granted power, which cannot be attacked in a collateral proceeding for the recovery of property sold under it, and is only voidable. Moseley vs. Edwards, 2 Fla., 429. But where the power does not exist in the Clerk, either because it was not originally vested in him, or that by its exercise in a single instance he has exhausted the power, an execution issued by him is void.

It has been suggested that the rule quoted above adopts the statute in McClellan's Digest, pp. 521, 522, secs. 3 and 5, providing for the issue of executions on judgments at law. The rule, in our opinion, does not go to this extent. It provides only that an execution may issue on a decree for money and adopts the *form* of the execution used at *common law*. It is a rule of court, adopted from the rules of the Supreme Court of the United States, and it is to be presumed that when they used the word *form* they meant it in its received legal definition and acceptation.

If it were found in a statute law there might be some excuse for guessing what the legislature meant, but found in a rule of court, we do not feel at liberty to attach any other meaning to it than the *language* conveys.

There was no error in refusing to permit the executions to be read in evidence to the jury, and the judgment is affirmed.